# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between Levi Watson ("Watson"), Tamera Hollen ("Hollen"), Jennifer Bell ("Bell") and Matthew Hurst ("Hurst") (collectively, "Plaintiffs") and Travis Software Corp. ("Travis Software") and Alan Williams ("Williams") (collectively "Defendants");

WHEREAS, on or about December 5, 2007, Watson and Hollen filed a Complaint against Defendants in the United States District Court for the Southern District of Texas, Houston Division, styled *Levi Watson, Tamera Hollen, et al. v. Travis Software Corp. and Alan Williams, Individually*, Civil Action No. H-07-04104 (the "Lawsuit"), alleging overtime violations of the Fair Labor Standards Act and purporting to represent a class of similarly situated employees;

WHEREAS, on or about June 20, 2008, Watson and Hollen filed an Opposed Motion for Conditional Class Certification; and

WHEREAS, on or about June 20, 2008, Bell filed a Notice of Consent to be a party plaintiff in the Lawsuit; and

WHEREAS, on or about November 21, 2008, the Court granted Watson and Hollen's Opposed Motion for Conditional Class Certification and conditionally certified a class; and

WHEREAS, on or about February 9, 2009, Hurst filed his consent to opt-in the Lawsuit; and

WHEREAS, the opt-in period ended on February 27, 2009; and

WHEREAS, as of February 27, 2009, no other employees or former employees of Defendants filed a Notice of Consent or otherwise opted in to the Lawsuit; and

WHEREAS, the parties have concluded that it is in their mutual best interests to negotiate a settlement and compromise of the disputed issues without admitting any liability to each other of any kind or nature whatsoever; and

WHEREAS, as a result of such negotiations, the undersigned parties have each determined independently, and after consultation with counsel of their respective choice, that it is desirable and beneficial for each of them to settle, compromise and resolve all claims and disputes therein in the manner and on the terms and conditions set forth herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby expressly acknowledged, the undersigned Plaintiffs and Defendants agree as follows:

1. **SETTLEMENT PAYMENTS**. Defendants agree to pay the total gross settlement amount of Seventy-Nine Thousand One Hundred Seventy-Five Dollars and No Cents

HOU:0024333/00001:1395105v1


EXHIBIT A

($79,175.00) ("Settlement Payments") to Plaintiffs and their attorneys as full settlement of all claims in the Lawsuit (including but not limited to all overtime wages, liquidated damages, lost wages and benefits, compensatory damages, punitive damages, attorneys' fees and costs), all other claims Plaintiffs may have or claim to have against Defendants, and as consideration for the other promises made by Plaintiffs in this Agreement. Defendants will pay the Settlement Payments in the manner specified below:

a. Defendants will pay, in one check made payable to Levi Watson, the amount of $25,288.46, less withholdings. This check will be delivered to Warren & Siurek, LLP within seven (7) days following the later of: (i) Defendants' receipt of this Agreement executed by all Plaintiffs, and (ii) the Court's approval of this Agreement. Defendants will send Watson a W-2 for this payment in January 2010.

b. Defendants will pay, in one check made payable to Tamera Hollen, the amount of $9,592.79, less withholdings. This check will be delivered to Warren & Siurek, LLP within seven (7) days following the later of: (i) Defendants' receipt of this Agreement executed by all Plaintiffs, and (ii) the Court's approval of this Agreement. Defendants will send Hollen a W-2 for this payment in January 2010.

c. Defendants will pay, in one check made payable to Jennifer Bell, the amount of $6,522.00, less withholdings. This check will be delivered to Warren & Siurek, LLP within seven (7) days following the later of: (i) Defendants' receipt of this Agreement executed by all Plaintiffs, and (ii) the Court's approval of this Agreement. Defendants will send Bell a W-2 for this payment in January 2010.

d. Defendants will pay, in one check made payable to Matthew Hurst, the amount of $4,596.75, less withholdings. This check will be delivered to Warren & Siurek, LLP within seven (7) days following the later of: (i) Defendants' receipt of this Agreement executed by all Plaintiffs, and (ii) the Court's approval of this Agreement. Defendants will send Hurst a W-2 for this payment in January 2010.

e. Defendants will pay, in one check made payable to Warren & Siurek, LLP, the sum of $33,175.00, for attorney's fees and all other costs and expenses. This check will be delivered to Warren & Siurek, LLP within seven (7) days following the later of: (i) Defendants' receipt of this Agreement executed by all Plaintiffs, and (ii) the Court's approval of this Agreement. Defendants will send to Warren & Siurek, LLP an IRS Form 1099, referencing Tax Identification Number 760469335, for this payment in January 2010.

2.  **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND GENERAL RELEASE / STIPULATION OF DISMISSAL.** The parties agree that they will promptly file with the Court a Joint Motion to approve this Agreement and take such other procedural actions to obtain Court approval of this settlement. Upon Court approval of this Agreement, Watson, Hollen, Bell and Hurst will, by and through their counsel of record, sign and deliver to counsel for Defendants, a Joint Stipulation of Full and Final Dismissal of all of Plaintiffs' claims With Prejudice, in the form attached hereto as Exhibit A, which will be submitted to the Court by Agreement. Counsel for Defendants will execute the Joint Stipulation on behalf of Defendants, and file it with the Court.

3.  **RELEASE BY PLAINTIFFS.** Plaintiffs, for themselves and for all and each of their assigns, agents, attorneys, representatives, spouse, heirs, executors and administrators (hereinafter referred to collectively as the "Plaintiff Releasors"), do covenant not to sue, and do fully remise, release and forever discharge Defendants and all and each of their predecessor and successor firms, parents, subsidiaries, affiliates, and all and each of their present and former officers, directors, principals, members, partners, shareholders, employees, insurers, plan administrators, attorneys and agents, and all and each of their respective assigns, agents, representatives, spouses, heirs, executors and administrators (hereinafter referred to as the "Defendant Releasees"), of and from any and all actions, causes of actions, liabilities, suits, debts, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, claims and demands whatsoever, under contract, tort or quasi-contract, state or federal, at law or in equity, whether based on federal, state or local statute, common law, or any other source, whether known or unknown, asserted or unasserted, suspected or unsuspected, which relate in any way to Plaintiffs' employment with Defendants, Plaintiffs' wages, and/or the termination of Plaintiffs employment with Defendants, including but not limited to any and all claims that were alleged or could have been alleged by Plaintiffs in the Lawsuit, any and all claims for breach of contract, defamation, wrongful termination, retaliation, intentional infliction of emotional distress, fraud, any and all claims under the Fair Labor Standards Act, the Family and Medical Leave Act, the Texas Commission on Human Rights Act, the Texas Labor Code, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act, any other federal, state or local laws or regulations prohibiting employment discrimination or pertaining to employment, any and all claims for wages, commissions, bonuses, money, overtime, severance pay, sick leave, holiday pay, vacation pay, life insurance, group medical insurance, stock grants, stock options, retirement plan contributions, or any other fringe benefit of Defendants, violations of state and/or federal wage and hour laws, or workers' compensation disability claims; provided, however, that this release does not apply to the parties' obligations under this Agreement. Plaintiffs warrant and represent on behalf of the Plaintiff Releasors that neither they nor any other Plaintiff Releasor has assigned to any other person or entity, any claims against the Defendant Releasees. Plaintiffs represent and warrant that they have been paid in full all overtime wages, liquidated damages, attorneys' fees, and costs owed to them by Defendants under the Fair Labor Standards Act through the Settlement Payments and that Plaintiffs are not due any additional compensation from Defendants under the Fair Labor Standards Act.

4. **WAIVER OF REINSTATEMENT**. Plaintiffs hereby waive reinstatement to employment with Defendants. Plaintiffs will not seek employment with Defendants or any related business or corporate entity at any time in the future. Any such attempt to seek employment would be a breach of this Agreement and Defendants may disregard any such application or attempt.

5. **INDEMNIFICATION**. Plaintiffs shall protect, indemnify, and hold harmless Defendants against any and all liens, subrogation claims and other rights that may be asserted by any person or entity against the amount paid in settlement to Plaintiffs, including those for taxes. Plaintiffs expressly represent that Defendants are not liable for any taxes owed by Plaintiffs or Warren & Siurek, LLP regarding the Settlement Payments, and Plaintiffs agree to indemnify and hold harmless Defendants for any tax liability, if any, for which they or their attorneys may be liable regarding the Settlement Payments. Plaintiffs further acknowledge that Defendants and Defendants' counsel have not made any representations to them regarding their tax liability, if any, for the Settlement Payments and that Plaintiffs have relied, if at all, solely on the advice of their tax advisors concerning taxes. Further, Plaintiffs understand that Defendants make no representations regarding tax liability, and Plaintiffs agree to protect and indemnify Defendants against any and all claims for taxes by any state or federal entity arising from the Settlement Payments.

6. **CONFIDENTIALITY**. The parties agree that the claims asserted in the Lawsuit, any of the negotiations leading to this Agreement, the fact that Defendants are paying money to Plaintiffs, the amount of the Settlement Payments, the method of calculating the Settlement Payments, and the terms of this Agreement (collectively, "Confidential Settlement Information") will be forever treated as confidential and that confidentiality is a material term of this Agreement. To any inquiries about a dispute between the parties, the parties will respond only that the dispute was amicably resolved to the parties' satisfaction. Accordingly, Plaintiffs and Defendants, and each of them, will not disclose Confidential Settlement Information to anyone at any time, except: (1) Defendants may disclose the terms of the Agreement to its attorneys and outside auditors, and to their employees or agents who have a legitimate need to know the terms of this settlement in the course of performing their duties and on the condition that they agree to be bound by the confidentiality obligations herein; (2) Plaintiffs may disclose the terms of the Agreement to their spouses, accountants, attorneys or tax advisors on the condition that they agree to be bound by the confidentiality obligations herein; and (3) either party may disclose the terms of this Agreement to any other party as compelled by an order of a court of competent jurisdiction. In the event Plaintiffs are served with a demand or compulsory process requiring the disclosure of this Agreement, or any of its terms, they will provide Defendants with written notice of such demand or compulsory process as soon as possible and in all events within five (5) business days of its receipt. Thereafter, Defendants will be permitted to take any action necessary to prevent the disclosure of such information or to obtain a protective order or other relief. Plaintiffs understand that the confidentiality of this Agreement is an important part of the consideration they are giving to Defendants in this Agreement and for which Defendants are making the Settlement Payments.

7. **NON-ADMISSION OF LIABILITY**. The parties enter into this Agreement expressly disavowing fault, liability and wrongdoing, liability at all times having been denied. Plaintiffs recognize and agree that the Defendants are not admitting to, and specifically deny, any unlawful or wrongful conduct in connection with the allegations in the Lawsuit or otherwise. Further, this Agreement or settlement is not evidence of any violation of or noncompliance with any statute or law by Defendants. This Agreement is made to avoid continued or future disputes and controversies that Plaintiffs and Defendants may have with each other, to provide peace of mind to all parties, and to eliminate and forego the nuisance of litigation and the financial costs of such litigation.

8. **NO ORAL WAIVER**. No breach of any provision hereof can be waived by any undersigned party unless such waiver is in writing. Waiver of any one breach by an undersigned party will not be deemed to be a waiver of any other breach of the same or any other provision hereof.

9. **VOLUNTARY AGREEMENT**. Each of the undersigned parties has been represented or has been given the opportunity to be represented by counsel of his/her/its choice in connection with the negotiation and execution of this Agreement. Each has relied solely upon his/her/its own judgment, belief and knowledge, and/or the advice and recommendation of his/her/its own independently selected counsel, concerning the nature, extent and duration of his/her/its rights and claims, and that he/she/it has not been influenced to any extent whatsoever in executing this document, or the exhibits hereto, by any representations or statements except those expressly contained or referred to herein. Each party executes this Agreement voluntarily and of his/her/its own free will, without coercion or duress to do so.

10. **GOVERNING LAW**. This Agreement will be governed by the substantive laws of the State of Texas without regard to conflicts of law principles.

11. **ENTIRE AGREEMENT**. This Agreement constitutes the entire understanding and agreement between the parties with respect to the subject matter covered by this Agreement. No other promises or agreements between Plaintiffs and Defendants shall be binding unless they are in writing and signed by Plaintiffs and Defendants. Plaintiffs further warrant that they are not relying on any representations, oral or written, not contained in this Agreement.

12. **APPROVAL BY ALL PLAINTIFFS AND COURT APPROVAL REQUIRED**. The parties understand and acknowledge that in order for this Agreement to become binding on the parties, it must be executed by all of the Plaintiffs and the executed copies must be immediately provided to counsel for Defendants for filing with the Court. The parties agree that this Agreement was drafted jointly by all parties and shall not be construed against any party as the drafter or primary drafter of the Agreement. The parties further understand and acknowledge that in order for this Agreement to become binding on the parties, it must be approved by the United States District Court for the Southern District of Texas, the Honorable Judge Lee Rosenthal presiding. The parties agree to take all reasonable and necessary steps to seek approval of their Agreement by the Court. In the event the Court does not approve of this Agreement, the Agreement will be null and void.

13. **EXECUTION**. This Agreement may be executed in duplicate counterparts, each of which will be deemed an original and shall be deemed duly executed upon the signing and notarization of the counterparts by the parties.

Agreed to and executed on this 6th day of May, 2009.

_____
Levi Watson

STATE OF TEXAS         §
                       §
COUNTY OF Nacogdoches  §

BEFORE ME, the undersigned authority, on this day personally appeared Levi Watson, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 6th day of May, 2009.

[SEAL]

_____
Notary Public - State of Texas
Commission Expires: 8/31/2012

JASON RYAN BRINKLEY
Notary Public, State of Texas
My Commission Expires
August 31, 2012

Agreed to and executed on this 7 day of May, 2009.

*Tamera Hollen*
Tamera Hollen

STATE OF TEXAS §
§
COUNTY OF Texas §

BEFORE ME, the undersigned authority, on this day personally appeared Tamera Hollen, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 7th day of May, 2009.

[SEAL]

GLORIA EAKER
Notary Public, State of Texas
My Commission Expires
March 27, 2013

*Gloria Eaker*
Notary Public - State of Texas
Commission Expires: 3-27-13

-7-

Agreed to and executed on this \_6\_ day of \_May\_, 2009.

_____
Jennifer Bell

STATE OF TEXAS § 
 §
COUNTY OF \_Harris\_ §

BEFORE ME, the undersigned authority, on this day personally appeared Jennifer Bell, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this \_6th\_ day of \_May\_, 2009.

[SEAL]

JASON RICKETSON
Notary Public
STATE OF TEXAS
My Comm. Exp. April 02, 2012

_____
Notary Public - State of Texas
Commission Expires: \_April 02, 2012\_

-8-

Agreed to and executed on this 7th day of May, 2009.

_____
Matthew Hurst

STATE OF TEXAS        §
                      §
COUNTY OF Bexar       §

BEFORE ME, the undersigned authority, on this day personally appeared Matthew Hurst, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 7th day of May, 2009.

[SEAL]

_____
Visann M. Romero
Notary Public - State of Texas
Commission Expires: 06.09.2010

VISANN M. ROMERO
Notary Public, State of Texas
My Commission Expires
June 09, 2010

-9-

Agreed to and executed on this 8th day of May, 2009.

Travis Software Corp.

By: _____
Alan Williams
Chief Executive Officer

STATE OF TEXAS      §
                    §
COUNTY OF HARRIS    §

BEFORE ME, the undersigned authority, on this day personally appeared Alan Williams, the Chief Executive Officer of Travis Software Corp., known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 8th day of May, 2009.

[SEAL]

_____
Notary Public - State of Texas
Commission Expires: 7-27-12

MELISSA NILES
Notary Public, State of Texas
My Commission Expires
July 27, 2012

Agreed to and executed on this 8th day of May, 2009.

_____
Alan Williams

STATE OF TEXAS § 
§
COUNTY OF HARRIS §

BEFORE ME, the undersigned authority, on this day personally Alan Williams, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this 8th day of May, 2009.

[SEAL]

_____
Notary Public - State of Texas
Commission Expires: 7-27-12

MELISSA NILES
Notary Public, State of Texas
My Commission Expires
July 27, 2012

-11-